IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-00289-RPM

ROCKIE LEE ZIMMERMAN,

        Plaintiff,

v.

JOHN L. CHADBOURNE, II,
RUDY FANNIN,
JOSH BENNER,
MR. LAWRENCE,
MR. DAZEY,
MR. STECKLER,

        Defendants.

_____

ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL
_____

When he filed this civil action on February 12, 2002, Rockie Lee Zimmerman was in prison, serving a five-year sentence resulting from his plea of guilty to a charge of possession of methamphetamine in the District Court, El Paso County, Colorado. The evidence upon which that charge was based was seized in a search of the plaintiff's motel room pursuant to a search warrant issued by a magistrate on the probable cause affidavit of defendant John L. Chadbourne, a Colorado Springs police officer. In that affidavit Chadbourne describes items suggesting credit card fraud seized in a search of Room 226 at the Roadway Inn Motel on January 4, 2001, which he says was conducted with the consent of Zimmerman and that Zimmerman admitted that a note was authored by him.

In this action, Zimmerman claims that the search was conducted in violation of the

protections of the Fourth and Fourteenth Amendments to the United States Constitution, thereby tainting the affidavit and making the search warrant invalid.  Zimmerman also claims that other statements of Chadbourne in the probable cause affidavit are false making the warrant invalid under *Franks v. Delaware,* 438 U.S. 154 (1978).  He also claims that Chadbourne used false statements to support a higher bond.  In this action, Zimmerman seeks damages for these constitutional violations under 42 U.S.C. § 1983.

The defendants seek dismissal by summary judgment under *Heck v. Humphrey,* 512 U.S. 477 (1994) because a ruling in favor of Zimmerman necessarily implies the invalidity of Zimmerman's conviction by his plea of guilty on the possession of methamphetamine charge.  The holding of the *Heck* case is that a state court conviction is not subject to a collateral attack by a civil action for damages.

The plaintiff here seeks to avoid *Heck* by relying on *Beck v. City of Muskogee Police Dep't.,* 195 F.3rd 553 (10th Cir. 1999) in which the circuit court considered *Heck* in the context of determining when a cause of action for an illegal arrest arose within the meaning of a statute of limitations.  In reversing an order of dismissal under Rule 12(b)(6), the appellate court cautioned the district court to assess individual claims of malicious prosecution and *Brady* violations relating to a dismissed rape charge separately from other claims.  The plaintiff contends that the constitutional violations in this case related to credit card fraud charges, not to the drug charge and those other charges were dismissed in the plea agreement under which Zimmerman pleaded guilty to the drug charge.

That attempted separation is unavailing in this case.  The evidence supporting the drug charge was obtained as a result of the execution of the search warrant and a

determination that it was invalid because of the information obtained in the challenged warrantless search would necessarily invalidate the plea of guilty.  It is clear from Zimmerman's testimony at his deposition that he attributes his prosecution and conviction to the events occurring on January 4 at the Roadway Motel and that he was seeking to reopen his criminal case.  Deposition of Rockie Lee Zimmerman, Exhibit B to defendant's motion, page 81.  In that deposition, Zimmerman also describes his inability to obtain counsel to defend him in the criminal case.  He represented himself at the preliminary hearing before the district court in April, 2001, resulting in the court's finding of probable cause for the prosecution of all of the charges at a continuation of the hearing on May 2, 2001.

The defendants also ask for judgment of dismissal based on that court's probable cause findings, claiming collateral estoppel but the doctrine is inapplicable because there was no motion to suppress the evidence and the probable cause findings were for the criminal charges, not for the support of either of the searches.  It may be noted that the evidence concerning the January 4, 2001, search indicates that Zimmerman denies that Room 226 was rented by him and it would appear that his privacy interests were not affected by the police search and seizures from that room.  The defendants have not raised that issue in their motion.

The applicability of the *Heck* ruling to this case is made clear by the opinion of the Ninth Circuit Court of Appeals deciding *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000) analyzing the meaning of footnote seven in the *Heck* opinion.  Although the court at page 1015 suggests that in the *Beck* case the Tenth Circuit considered that it created a general exception, that is too broad a reading of *Beck* and a careful analysis is that the court

directed that the relationship of the claimed constitutional violation to the conviction is required in each case.  In this case, if Zimmerman's version of the events is correct, the evidence seized pursuant to the search warrant would have had to be suppressed and that includes the methamphetamine which formed the basis for the charge to which the plea of guilty was entered.  Accordingly, the plaintiff's claims under 42 U.S.C. § 1983 cannot proceed until and unless the conviction is set aside.

The plaintiff has also included state law claims against the named defendants, all of whom were serving as police officers of the Colorado Springs Police Department, performing their official duties.  Those claims are barred by the one-year statute of limitations, C.R.S. § 13-80-103(1)(c).  The plaintiff has withdrawn the state law claims for malicious prosecution and abuse of process.  The claims for false imprisonment, trespass, fraud and invasion of privacy all accrued more than one year prior to the filing of this complaint.  Additionally, the officers are immune under the Colorado Governmental Act.  There is no factual basis to support the allegations that the officers' conduct was willful and wanton.

Upon the foregoing, it is

ORDERED that the defendants' motion for summary judgment is granted and the Clerk shall enter judgment dismissing all of the plaintiff's claims against all of the defendants and ordering the defendants statutory costs.

DATED: September 26, 2006

BY THE COURT:
s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge